UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE HOPKINS, | No. 2:16-cv-2761 MCE CKD PS |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| UNITED STATES DEPARTMENT OF LABOR, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

In the in forma pauperis application, plaintiff states that a Chapter 13 Bankruptcy was filed on November 17, 2016. The filing of a bankruptcy petition creates an estate, which includes "'all legal and equitable interests of the debtor in property at the commencement of the case,'" including any causes of action. <u>Cusano v. Klein</u>, 264 F.3d 936, 945 (9th Cir. 2001) (quoting 11 U.S.C. § 541(a)). The estate includes any causes of action that arise in the period between the

1

filing of the petition and the final discharge.  See In re Kottmeier, 240 B.R. 440, 442 (M.D. Fla. 1999); see also Vertkin v. Wells Fargo Home Mortgage, 2010 WL 3619798 at *2 (N.D. Cal. 2010) (if asset comes into being after petition filed, effect of failure to file amended schedule listing asset precludes debtor from later claiming it has been abandoned by trustee in favor of debtor).  Because the bankruptcy trustee has the exclusive right to sue on behalf of the estate, the debtor loses the capacity to sue in his own name unless the trustee abandons the claim.  See Estate of Spirtos v. One San Bernardino County Superior Court Case, 443 F.3d 1172, 1175 (9th Cir. 2006); see also Lane v. Vitek Real Estate Industries, 713 F.Supp.2d 1092, 1097 (E.D. Cal. 2010). Although a trustee may abandon "worthless or low-value assets, including legal claims," there is no abandonment without an affirmative act.  See Biesek v. Soo Line Railroad Company, 440 F.3d 410, 413 (7th Cir.2006); Anokhin v. BAC Home Loan Servicing, LP, 2010 WL 3294367, at *2 (E.D. Cal. 2010).  Assets that are neither abandoned nor administered remain the property of the estate even after the case is closed.  See In re Lopez, 283 B.R. 22, 28 (9th Cir. BAP 2002); see also In re Pace, 146 B.R. 562, 564–66 (9th Cir. BAP 1992), (unscheduled property remains in estate after case is closed).

   This action was filed nine days after the filing of plaintiff's bankruptcy petition.  No showing has been made that the trustee has abandoned the claims raised in this action.  The case should therefore be dismissed without prejudice.

   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

   IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

1 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
2 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 Dated:  December 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8  4 hopkins2761.ifp.bk